ROSENSTOCK v. DESSAR et al.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

1. BILL OF PARTICULARS—WHEN GRANTED.
    Plaintiff is not entitled to a bill of particulars, as to the defense of a bar by limitation.

2. SAME.
    Twenty-four years after date of a certificate of deposit issued by a firm, two members of which had died, suit was brought by an ancillary executor of the deceased payee. Payment was set up as defense. The ancillary executor made affidavit that the payee's widow informed him that the certificate had been found in the payee's possession at his death, but neither the widow nor the executor made affidavit, and no excuse for their failure was shown. *Held*, that a bill of particulars as to the payments was properly refused.

Appeal from special term, New York county.

Action by Edgar H. Rosenstock, as ancillary executor of Levi Jacobs, deceased, against Adolph Dessar and others. From an order denying his motion for a bill of particulars, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

Edgar J. Lauer, for appellant.
W. Benton Crisp, for respondents.

PATTERSON, J. The order denying a motion for a bill of particulars in this case was properly made. The action is upon an instrument in writing, called a "certificate of deposit," dated November 24, 1874, signed by the firm of Dessar, Stern & Co. This action was begun over 24 years after that date. The fourth and fifth defenses set up, respectively, a 6 and a 20 years' limitation. It needs no argument to show that bills of particulars as to those defenses were properly denied. The third defense is that of payment, and the plaintiff sought to require the defendants to specify in detail the days and amounts, and the precise nature and character, of the payments alleged to have been made. It appears that the firm was dissolved, and Mr. Stern and one of the Dessars, members of that firm, are dead. The plaintiff sues as an ancillary executor of one Levi Jacobs, who died in New Hampshire in 1892. In the plaintiff's affidavit on which this motion was based, he states that this action was brought to recover for money deposited by Jacobs in the year 1874 with the firm of Dessar, Stern & Co., in the city of New York. He further states that an original certificate of deposit, signed by Dessar, Stern & Co., is in the hands of his attorney, and that he (the affiant) was informed by the widow of Levi Jacobs, the original depositor, that the certificate of deposit sued on was found in a wallet in the possession of Levi Jacobs at the time of his death, among notes and papers which had not been paid, and that he therefore believes that the certificate of deposit remains unpaid, and that, if the defense of payment alleged in the answer of the defendants is true, he ought to be informed of the full particulars, and details thereof. No affidavit is made by Mrs. Jacobs, nor by the executor in New Hampshire. It appears by the answers of the defendants that one of the Dessars and Mr. Stern

died long before the commencement of this action, and that the affairs of Mr. Stern's estate have been fully settled, and the estate distributed in accordance with law. In the absence of an affidavit of the executor or representative of Levi Jacobs' estate in New Hampshire, or of the widow of Jacobs, from whom the plaintiff swears he derived his information, the court was right in denying this motion. Those persons may know all about this old receipt or certificate of deposit. If they do not, their want of knowledge has not been proven, nor is any reason given why their affidavits were not obtained.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.